## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RONALD and TANYA DAVIS, | : | CIVIL NO. 3:15-CV-00815 |
| | : | |
| Plaintiffs, | : | |
| | : | (Judge Caputo) |
| v. | : | |
| | : | |
| BANK OF AMERICA, *successors by* | : | |
| *merger to BAC Home Loans* | : | |
| *Servicing, LP*, and  SHAPIRO & | : | |
| DENARDO, LLC, | : | |
| | : | (Magistrate Judge Schwab) |
| Defendants. | : | |

## REPORT AND RECOMMENDATION

Presently before the Court are the Defendants' unopposed motions to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  *Docs. 4, 14.*  For the reasons set forth below, we recommend granting both motions.

# I. Background.[1]

On November 13, 2006, the plaintiffs, Ronald Davis and Tanya Davis (the "Davises"), used a loan to purchase property located at 6424 Marvin Terrace, Tobyhanna, Pennsylvania, 18466. *Doc. 1* at 2; *doc. 4-1.* The loan is evidenced by a promissory note (*doc. 15-1* at 2) and secured by a mortgage (*id.* at 6) in favor of Mortgage Electronic Registration Systems, Inc., as nominee for Countrywide Home Loans, Inc. *Id.* at 7. Pursuant to an assignment (*id.* at 22), dated October 5, 2011, the mortgage was assigned to Bank of America, N.A. ("Bank of America"). *Id.* On May 28, 2014, Bank of America, through counsel—Shapiro and DeNardo, LLC ("Shapiro & DeNardo")—instituted a mortgage foreclosure action against the Davises in the Monroe County Court of Common Pleas. *Id.* at 26.

On April 27, 2015, the Davises commenced this 42 U.S.C. § 1983 action (*doc. 1*) against Bank of America (the plaintiff in the parties' pending foreclosure

---

[1] The facts are taken from the plaintiffs' complaint, as well as the exhibits attached to the Defendants' motions to dismiss, since they are matters of public record and/or are integral to the allegations in the complaint. *See Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006) ("In evaluating a motion to dismiss, we may consider documents that are attached to or submitted with the complaint, [*Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 560 (3d Cir. 2002)], and any 'matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, [and] items appearing in the record of the case.'" (citing 5B Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 1357 (3d ed. 2004))); *see also Sarsfield v. Citimortgage, Inc.*, 707 F. Supp. 2d 546, 553 n.2 (M.D. Pa. 2010) ("The court finds it proper to consider the mortgage contract between the parties without the need to convert Defendant's motion to dismiss to one for summary judgment because a court may consider documents that are integral to the allegations contained in the complaint.").

action) and Shapiro & Denardo (the law firm representing the plaintiff in the parties' pending foreclosure action) (collectively, the "Defendants"). *Id.* In their complaint, the Davises set forth the following averments against the Defendants:[2] (1) "the procedure to purchase the property . . . was fraud in the factum;" (2) the Davises "were not aware of being induced into signing the promissory note;" (3) the Davises "were not aware of the lender obtaining the promissory note;" (4) the Davises were not aware of the "profit [through] the mortgage back security scheme of Defendant;" (5) and the Davises were not "given a reasonable opportunity to learn of its fraudulent character, or essential terms;" and finally, (6) the Defendants "filed a fraudulent foreclosure."   *Id.* at 2.

In response to the Davises' complaint, Shapiro & Denardo, on May 19, 2015, filed a motion (*doc. 4*) to dismiss, along with a supporting brief (*doc. 5*), and on July 23, 2015, Bank of America also filed a motion (*doc. 14*) to dismiss, along with a supporting brief (*doc. 15*).  Thereafter, on August 19, 2015, we issued an order (*doc. 20*), directing the Davises to file a brief in opposition to the pending motions to dismiss.  We further instructed the Davises that "a failure . . . to file a proper brief in opposition may result in treating the pending motions as unopposed and the claims in the complaint as abandoned." *Id.*

---

[2] The averments, we add, are scant.

## II. Discussion.

### A.  Under the Rules of this Court, the Davises Should Be Deemed Not to Oppose the Motions to Dismiss.

As a threshold matter, the Davises should be deemed not to oppose the Defendants' pending motions to dismiss since they have failed to timely oppose the Defendants' motions.  Local Rule 7.6 imposes an affirmative duty on a litigant to respond to motions and provides that "[a]ny party who fails to comply with this rule shall be deemed not to oppose such motion."  *Id.*  In this case, the Davises have not complied with this Rule, nor have they complied with our previous order (*doc. 20*) to file a brief in opposition to the pending motions to dismiss.  These procedural defaults compel us to consider:

> [A] basic truth: we must remain mindful of the fact that "the Federal Rules are meant to be applied in such a way as to promote justice.  *See* Fed. R. Civ. P. 1.  Often that will mean that courts should strive to resolve cases on their merits whenever possible.  However, justice also requires that the merits of a particular dispute be placed before the court in a timely fashion . . . ."

*Lease v. Fishel*, 712 F.Supp.2d 359, 371 (M.D. Pa. 2010) (quoting *McCurdy v. American Bd. of Plastic Surgery*, 157 F.3d 191, 197 (3d Cir. 1998)).  With this basic truth in mind, we acknowledge a fundamental guiding tenet of our legal system.  A failure on our part to enforce compliance with the rules, and impose the sanctions mandated by those rules when they are repeatedly breached, "would actually violate the dual mandate which guides this Court and motivates our

4

system of justice: 'that courts should strive to resolve cases on their merits whenever possible [but that] justice also requires that the merits of a particular dispute be placed before the court in a timely fashion.'" *Id.* at 372.  Therefore, we are obliged to ensure that one party's refusal to comply with the rules does not lead to an unjustified prejudice to those parties who follow the rules.

Such basic principles of fairness apply here.  The Davises failed to comply with Local Rule 7.6, as they failed to file a brief in opposition to both of the Defendants' pending motions to dismiss, even after being ordered to do so and even after being warned that their failure to do so may be construed as their abandonment of this case.  These failures now compel us to deem the Davises not to oppose the pending motions to dismiss.

Nevertheless, the Davises' failure to file a brief in opposition alone is not a sufficient basis for the Court to dismiss the case.  In *Stackhouse v. Mazurkiewicz*, 951 F.2d 29 (3d Cir. 1991), the Third Circuit reversed a district court's dismissal based upon the *pro se* plaintiff's failure to file a brief in accordance with a local rule of court.  *Id.* at 30.  The Third Circuit stated that failure to obey the local rule should not form the basis for dismissal without an analysis of the merits of the case.  *Id.*  It noted that dismissal is not to be ruled out if the party was represented by an attorney and in fact did not oppose the motion.  *Id.*  It also noted: "Nor do we suggest that if a party fails to comply with the rule after a specific direction to

5

comply from the court, the rule cannot be invoked.   Thus, our holding is not broad." *Id.*

Although this caveat from the *Stackhouse* case might suggest that we could grant the pending motion to dismiss based on the Davises' failure to file a brief in opposition after being ordered to do so by the Court, the Third Circuit has subsequently declined "to adopt an interpretation of *Stackhouse* under which a district court may dismiss a case solely because a plaintiff misses a briefing deadline set forth in a local rule or court-ordered briefing schedule." *Hernandez v. Palakovich*, 293 F.App'x 890, 895 (3d Cir. 2008).   Rather, the Third Circuit held that, before dismissing a case as a sanction for failure to follow a court rule or court order, a court must consider the factors set forth in the seminal *Poulis* case. *Id.* at 894 (citing *Poulis v. State Farm Fire and Casualty Co.*, 747 F.2d 863, 868 (3d Cir. 1984)); *see also Shuey v. Schwab*, 350 F.App'x 630, 633 (3d Cir. 2009) ("*Poulis* has been cited too often and is too deeply ingrained in the jurisprudence of this court and the district courts of this circuit for a court to assume that a party's failure to respond to a motion to dismiss can be regarded as an abandonment of the claim.   *Poulis* governs the District Court's decision to dismiss the [the plaintiffs'] claim, and it was error to dismiss without first considering the *Poulis* factors.").   In accordance with this precedent, we turn to a consideration of the *Poulis* factors.

**B. Consideration of the *Poulis* Factors Warrants Dismissal of this Case or in the Alternative, the Defendants' Motions to Dismiss Should Be Granted.**

If a plaintiff fails to prosecute a case or to comply with court rules or court orders, the court, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, may dismiss the action.  Even though dismissal is an available sanction, it is a drastic sanction that "should be reserved for those cases where there is a clear record of delay or contumacious conduct by the plaintiff."  *Donnelly v. Johns-Manville Sales Corp.*, 677 F.2d 339, 342 (3d Cir. 1982).  Decisions regarding dismissal of actions for failure to prosecute rest in the sound discretion of the Court and will not be disturbed absent an abuse of that discretion.  *Emerson v. Thiel College*, 296 F.3d 184, 190 (3d Cir. 2002).  But that discretion, while broad, is governed by the following factors, commonly referred to as *Poulis* factors, which the Court must balance in deciding whether to dismiss a case:

> (1) the extent of the *party's* personal *responsibility*; (2) the *prejudice* to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a *history* of dilatoriness; (4) whether the conduct of the party or the attorney was *willful* or in *bad faith*; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of *alternative sanctions*; and (6) the *meritoriousness* of the claim or defense.

*Poulis*, 747 F.2d at 868 (emphasis in original).  No single factor is dispositive, *Briscoe v. Klaus*, 538 F.3d 252, 263 (3d Cir. 2008), and each factor need not be satisfied for the court to dismiss an action, *Ware v. Rodale Press, Inc.*, 322 F.3d

218, 221 (3d Cir. 2003).  In this case, an assessment of the *Poulis* factors weighs in favor of dismissing this action.

The first *Poulis* factor is the extent of the party's personal responsibility.  A *pro se* litigant is personally responsible for failure to comply with the Court's rules and orders.  Here, the Davises are proceeding *pro se,* and so they are responsible for their failure to file a brief in opposition to the pending motions to dismiss, as required by the Local Rule and as ordered by the Court.  Thus, the Davises are responsible for their failure to comply, and they are further responsible for their failure to litigate this case.

The second *Poulis* factor is prejudice to the adversary.  Examples of prejudice are "the irretrievable loss of evidence, the inevitable dimming of witnesses' memories, or the excessive and possibly irremediable burdens or costs imposed on the opposing party."  *Scarborough v. Eubanks*, 747 F.2d 871, 876 (3d Cir. 1984).  Prejudice for purposes of the *Poulis* analysis, however, does not mean irremediable harm.  *Ware*, 322 F.3d at 222.  "[T]he burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy is sufficiently prejudicial."  *Id.*  Here, the Davises' failure to litigate this case and comply with court rules and court orders not only frustrates, but delays resolution of this action, and therefore, their failure can be seen to prejudice the Defendants, who seek a timely resolution of the case.

8

The third *Poulis* factor is a history of dilatoriness.  While "conduct that occurs one or two times is insufficient to demonstrate a 'history of dilatoriness,'" *Briscoe*, 538 F.3d at 261, "[e]xtensive or repeated delay or delinquency constitutes a history of dilatoriness, such as consistent non-response to interrogatories, or consistent tardiness in complying with court orders."  *Adams v. Trs. of N.J. Brewery Emps.' Pension Trust Fund*, 29 F.3d 863, 874 (3d Cir. 1994).   A "party's problematic acts must be evaluated in light of [her] behavior over the life of the case." *Id.* at 875.  Here, although the Davises cannot be seen as having a history of dilatoriness, they have nevertheless failed to file a brief in opposition to the pending motions to dismiss, even after being order to do so.  Thus, we conclude this factor is neutral.

The fourth *Poulis* factor is whether the conduct was willful or in bad faith. "Willfulness involves intentional or self-serving behavior." *Adams*, 29 F.3d at 875. Here, the Davises were ordered to file a brief in opposition to the pending motions to dismiss, but did not do so.  They were also warned of the consequences that would follow should they fail to file their brief in opposition.  Although there is no direct evidence of bad faith, we cannot conclude that the Davises' failure to comply with this Court's order is inadvertent.  Thus, we are led to an inference that the Davises have willfully abandoned this case.

9

The fifth *Poulis* factor is the effectiveness of alternate sanctions. Dismissal is a sanction of last resort, and it is incumbent upon a court to explore the effectiveness of lesser sanctions before ordering dismissal. *Poulis*, 747 F.2d at 868. Here, the Davises failure to comply with the Court's order leads to an inference that further orders to them would not be an effective alternative. Thus, dismissal would be the appropriate sanction under the circumstances of this case.

The sixth *Poulis* factor is the meritoriousness of the claim. Under this inquiry, a claim will be deemed meritorious when the allegations of the complaint, if established at trial, would support recovery. *Poulis*, 747 F.2d at 869-870. Here, the Defendants have presented meritorious arguments for why the Court should dismiss all eight counts in the Davises' complaint. We briefly address those arguments below.

Count I of the Davises complaint alleges that the Defendants are liable for a violation of 42 U.S.C. § 1983. *Doc. 1* at 6-7. In order for the Davises to state a valid claim pursuant to § 1983, they must allege not only that the Defendants violated their federal rights, but also, that they did so while acting under color of state law. *See Woloszyn v. Cty. of Lawrence*, 396 F.3d 314, 319 (3d Cir. 2005) (quoting *Lake v. Arnold*, 112 F.3d 682, 689 (3d Cir. 1997) ("To state a claim under § 1983, a plaintiff 'must allege both a deprivation of a federally protected right and that this deprivation was committed by one acting under color of state law.'").

Both Defendants argue that they are not appropriate defendants in this civil rights action because they are private companies, which were not acting under the color of state law. *See doc. 5* at 8; *doc. 15* at 6-7. Because the complaint does not contain any allegations to suggest that the Defendants were acting under color of state law, the Defendants are entitled to dismissal of Count I in the complaint. *See Conway v. King Pharmaceuticals, Inc.*, 2008 WL 4128088, * 1 (M.D. Pa. 2008) (concluding that a private company was not an appropriate defendant in a § 1983 civil rights action because it was not acting under color of state law); *see Jacobowitz v. M & T Mortgage Corp.*, 372 F. App'x 225, 227 (3d Cir. 2010) (finding that the complaint did not allege state action where M & T Mortage Corporation, a private corporation, effectuated a foreclosure judgment).

Next, Count II of the Davises' complaint alleges that the Defendants are liable for conspiracy under 42 U.S.C. §§ 1985(2) and 1985(3). In order "[t]o state an obstruction of justice claim under § 1985(2), a plaintiff must allege 'a conspiracy with the purpose of impeding, hindering, or obstructing, or defeating in any manner, the due course of any justice in any State or Territory, with intent to deny any citizen the equal protection of the laws.'" *Muhammad v. Cappellini*, No. 3:10-CV-2374, 2011 WL 3034393, at *5 (M.D. Pa. 2011) (quoting 42 U.S.C. § 1985(2)). In order to state a § 1985(3) claim, a plaintiff must allege the following: "'(1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly,

any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is injured in his person or property or deprived of any right or privilege of a citizen of the United States.'" *Farber v. City of Paterson*, 440 F.3d 131, 134 (3d Cir. 2006) (quoting *United Bhd. of Carpenters & Joiners v. Scott*, 463 U.S. 825, 828-29 (1983)).   Both Defendants argue, and we agree, that the Davises' allegations are conclusory, and therefore, are insufficient to state a §§ 1985(2) or 1985(3) claim.  *Doc. 5* at 10; *doc. 15* at 9.   Specifically, the Davises have not alleged facts from which it can be inferred that the Defendants had an understanding or agreement to conspire against them.  *See Startzell v. City of Philadelphia*, Pennsylvania, 533 F.3d 183, 205 (3d Cir. 2008) ("To constitute a conspiracy, there must be a "'meeting of the minds.'" (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970))).   Without such facts, the Davises have not stated a plausible claim for conspiracy under §§ 1985(2) or 1985(3).  *See Muhammad v. Butler*, No. 3:10-CV-2374, 2011 WL 4565768, at *5 (M.D. Pa. Sept. 29, 2011) (dismissing the plaintiff's §§ 1985(2) and 1985(3) claims after concluding that the plaintiff had not pleaded an actual agreement between the parties); *D.R. v. Middle Bucks Area Vocational Tech. Sch.*, 972 F.2d 1364, 1377 (3d Cir. 1992) ("[M]ere conclusory allegations of deprivations of constitutional rights . . .  are insufficient to state a §

12

1985(3) claim.") (internal quotation omitted).   Thus, the Defendants are entitled to dismissal of Count II in the complaint.

With respect to Count III of the complaint, the Davises allege that the Defendants are liable under 42 U.S.C. § 1986.   As correctly pointed out by the Defendants, however, "without a properly pled claim under § 1985, a plaintiff cannot bring a § 1986 claim." *Toth v. Bristol Twp.*, 215 F. Supp. 2d 595, 599 (E.D. Pa. 2002) (citing *Clark v. Clabaugh*, 20 F.3d 1290, 1295 (3d Cir. 1994)).   Because the Davises have failed to plead enough facts to state a plausible claim for conspiracy under § 1985, they have also failed to state a plausible claim under § 1986.   Thus, the Defendants are also entitled to dismissal of Count III in the complaint.

With respect to Count IV of the complaint, the Davises assert a malicious abuse of process claim against the Defendants.   "[A] section 1983 claim for malicious abuse of process lies where 'prosecution is initiated legitimately and thereafter is used for a purpose other than that intended by the law.'" *Rose v. Bartle*, 871 F.2d 331, 350 n.17 (3d Cir. 1989) (quoting *Jennings v. Shuman*, 567 F.2d 1213, 1217 (3d Cir. 1977)).   Both Defendants argue that this claim should be dismissed because the Davises fail to allege any facts which would suggest that the Defendants are state actors or that they were acting under color of state law. *Doc. 5* at 12; *doc. 15* at 12.   As we have already determined, neither Defendant is an

appropriate defendant in this civil rights action, as both Defendants are private companies not acting under the color of state law.  Thus, Defendants are entitled to dismissal of Count IV in the complaint.

Next, Count V of the complaint alleges that the Defendants violated 18 U.S.C. §§ 241 and 242.  These are criminal statutes.  As correctly pointed out by the Defendants (*doc. 5* at 13; *doc. 15* at 13), the Davises cannot maintain a private cause of action under these criminal statutes.  *Watson v. Washington Twp. of Gloucester Cty. Pub. Sch. Dist.*, 413 F. App'x 466, 468 (3d Cir. 2011) (explaining that plaintiff did not have a private right of action to sue the defendants under 18 U.S.C. §§ 241 or 242); *Spell v. Allegheny Cty. Admin.*, No. 14-1403, 2015 WL 1321695, at *3-4 (W.D. Pa. 2015) (finding no private right of action under 18 U.S.C. §§ 241, 242, or 245).  Thus, the Defendants are further entitled to dismissal of Count V in the complaint.

Regarding Count VI of the complaint, the Davises assert an intentional infliction of emotional distress claim against the Defendants.  In order to state a claim for intentional infliction of emotional distress, a plaintiff must show that the defendant's conduct was "outrageous or extreme" and caused "severe emotional distress."  *Swisher v. Pitz*, 868 A.2d 1228, 1230 (Pa. Super. Ct. 2005) (internal quotations omitted).  "'Outrageous or extreme' conduct has been defined by the appellate courts of this Commonwealth as conduct that is so outrageous in

character, 'so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in civilized society.'" *Id.* at 1230-31 (quoting *id.* at 1122 n.5).   As argued by the Defendants, there are simply no facts to show such "outrageous" or "extreme" conduct. *Doc. 5* at 14; *doc. 15* at 15.   Rather, they argue that the mere commencement and filing of a mortgage foreclosure action in state court, after the Davises allegedly defaulted on the mortgage, does not constitute intentional infliction of emotional distress.   We concur that there is nothing alleged in the complaint, which approaches conduct "[s]o outrageous in character, and so extreme in degree, [that it goes] beyond all possible bounds of decency[.]" *Jones v. Nissenbaum, Rudolph & Seidner*, 244 Pa.Super. 377, 384, 368 A.2d 770, 772–74 (Pa. Super. Ct. 1976); *see id.* (finding no "extreme" or "outrageous" conduct on the part of defendants, who had threatened immediate foreclosure, even where defendants may have known that foreclosure could not occur without a hearing and revival of judgment); *see also Brown v. Udren Law Offices PC*, No. 11–2697, 2011 WL 4011411, at *4 (E.D. Pa. 2011) ("Plaintiff alleges only that various documents related to the foreclosure action falsely indicated that Defendants had obtained a judgment against her," but "Plaintiff does not allege that she was not in default of her mortgage obligations," nor does she "allege that Defendants did not have the right to foreclose on the property . . . . [T]his conduct alone is not so outrageous, so extreme, or so beyond

15

the bounds of decency to support a separate cause of action for [intentional infliction of emotional distress] under Pennsylvania law."). Thus, Defendants are also entitled to dismissal of Count VI in the complaint.

Count VII of the complaint asserts a mail fraud claim, in violation of 18 U.S.C. § 1341 against the Defendants for "fraudulently sen[ding] mail pertaining to a fraudulent mortgage." *Doc. 1* at 12. The Defendants argue that no private remedy was created under § 1341, and therefore, the Davises are not permitted to raise it as a private cause of action. *Doc. 5* at 15; *doc. 15* at 16. "Although 18 U.S.C. § 1341 makes it a crime to commit a fraud through the use of the United States Postal Service, courts have determined that this penal statute does not provide an injured citizen with a private cause of action for mail fraud." *Barnard v. Pavlis*h, No. 97-CV-0236, 1998 WL 247768, at *7 (M.D. Pa. 1998) (collecting cases). Thus, Count VII of the complaint should be dismissed as well.

Finally, Count VIII of the complaint alleges fraud. In a case such as this, where a plaintiff raises a claim for fraud, Rule 9(b) of the Federal Rules of Civil Procedure sets forth a more stringent standard of pleading: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). The heightened requirements of Rule 9(b) are meant to "'[to] provide defendants with notice of the precise

16

misconduct that is alleged and to protect defendants' reputations by safeguarding them against spurious allegations of immoral and fraudulent behavior.'" *Bd. of Trustees of Teamsters Local 863 Pension Fund v. Foodtown, Inc.*, 296 F.3d 164, 173 n.10 (3d Cir. 2002) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1418 (3d Cir. 1997)).  As maintained by the Defendants, however, the Davises have not pleaded with particularity, as required under Rule 9(b).  We agree, and therefore, the Defendants are also entitled to dismissal of Count VIII, the final count of the complaint.

Thus, we recommend that the Court dismiss the case pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and the *Poulis* factors.  In the alternative, however, and based upon the reasons discussed above, we recommend granting the pending motions to dismiss the complaint.

## III. Recommendation.

Accordingly, **IT IS RECOMMENDED** that the Defendants' motions (*docs. 4*, *14*) be **GRANTED**.

The Parties are further placed on notice that pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof.  Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  The

briefing requirements set forth in Local Rule 72.2 shall apply.  A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this **18th** day of **February**, **2016**.


**_S/Susan E. Schwab_**
Susan E. Schwab
United States Magistrate Judge