**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

RONALD and TANYA DAVIS,

    Plaintiffs,

    v.

BANK OF AMERICA, *successors by merger to BAC Home Loans Servicing, LP*, and SHAPIRO & DENARDO, LLC,

    Defendants.

CIVIL ACTION NO. 3:CV-15-815

(JUDGE CAPUTO)

(MAGISTRATE JUDGE SCHWAB)

### **MEMORANDUM ORDER**

Before me is Plaintiffs Ronald and Tiffany Davis's ("Plaintiffs") Motion in Opposition (Doc. 24) to the Report and Recommendation of Magistrate Judge Schwab ("R and R") (Doc. 23). Magistrate Judge Schwab's R & R addresses dismissal of Plaintiffs' *pro se* Complaint. The Complaint alleges violations of their civil rights, federal criminal statutes and Pennsylvania state law. (Doc. 1)The allegations arise from the Plaintiffs' signing of a promissory note secured by a mortgage and the foreclosure action that followed their purported default of their obligations. (*Id.*) The Complaint is comprised of eight counts. Plaintiffs allege malicious prosecution and violations of their civil rights under 42 U.S.C.§ 1983; that Defendants engaged in a conspiracy to violate their rights under 42 U.S.C. § 1985; and that Defendants are also liable under 42 U.S.C. § 1986. (*Id.* at 6-9.) Plaintiffs also allege that Defendants committed mail fraud in violation of 18 U.S.C. §§ 1341-1342 and engaged in a conspiracy to violate Plaintiffs' civil rights in violation of 18 U.S.C. §§ 241-242. (*Id.* at 11-12.)  Further, Plaintiffs allege that Defendants maliciously prosecuted[1] them,

---

[1] When viewing Plaintiffs' complaint in the light most favorable them, Plaintiffs, despite citation to law from jurisdictions other than Pennsylvania or the Third Circuit, may have intended to state a claim under Pennsylvania law for malicious prosecution. (*See* Doc. 1, 9-10.) Under Pennsylvania law, "[a] cause of action for malicious prosecution generally requires proof that the defendant (1) instituted criminal proceedings against the plaintiff (2) without probable cause (3) with malice and (4) that the proceedings terminated in favor of the plaintiff." *Parks Miller v. Ctr. Cty.*, 2016 WL 2752645, at *13 (M.D. Pa. May 11, 2016)

subjected them to intentional infliction of emotional distress, and committed fraud under Pennsylvania law. (*Id.* at 9-13.) Both Defendants Shapiro and Denardo, LLC, and Bank of America filed a motion to dismiss Plaintiffs' complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 4; Doc. 14) Plaintiffs failed to file an opposition to either motion to dismiss, despite being ordered to do so by Magistrate Judge Schwab. (*See* Doc. 20)

Magistrate Judge Schwab issued an R & R, recommending the following: that the case be dismissed pursuant to Federal Rule of Civil Procedure 41(b)[2] and the *Poulis*[3] factors, or in the alternative, dismissed based on Plaintiffs' failure to state a claim upon which relief can be granted. (Doc. 23, 17.) Plaintiffs' filed an untimely objection to the R & R. (Doc. 24) Bank of America then filed a brief in opposition to Plaintiffs' objections

---

(Brann, J.) (citing *Tomaskevitch v. Specialty Records Corp.*, 717 A.2d 30, 33 (Pa. Commw. Ct. 1998)). Although the R & R does not specifically address dismissal of a claim for malicious prosecution under Pennsylvania law, Defendant Bank of America argued that dismissal was warranted because Plaintiffs failed to state a claim under Pennsylvania law as well. (*See* Doc. 15, 12.) As Defendants' motion is unopposed and there is no allegation that criminal proceedings were ever initiated against Plaintiffs by Defendants, any possible claim for malicious prosecution under Pennsylvania law will be dismissed as well.

[2] **(b) Involuntary Dismissal; Effect.** If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule--except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19--operates as an adjudication on the merits.

Fed. R. Civ. P. 41.

[3] The following factors are to be considered:

(1) the extent of the *party* 's personal *responsibility;* (2) the *prejudice* to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a *history* of dilatoriness; (4) whether the conduct of the party or the attorney was *willful* or in *bad faith;* (5) the effectiveness of sanctions other than dismissal, which entails an analysis of *alternative sanctions;* and (6) the *meritoriousness* of the claim or defense.

*Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984).

requesting that Plaintiffs' objection be overruled, that the R & R be adopted in its entirety and the Complaint be dismissed. (Doc. 26)

### I.     Legal Standards

#### a.     Objection to Report and Recommendation

Where objections to the Magistrate Judge's report are filed, the court must conduct a *de novo* review of the contested portions of the report. *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989) (citing 28 U.S.C. § 636(b)(1)(c)).  However, this only applies to the extent that a party's objections are both timely and specific. *Goney v. Clark*, 749 F.2d 5, 6-7 (3d Cir. 1984) (emphasis added).  In conducting a *de novo review*, the court may accept, reject, or modify, in whole or in part, the factual findings or legal conclusions of the magistrate judge. *See* 28 U.S.C. § 636(b)(1); *Owens v. Beard*, 829 F. Supp. 736, 738 (M.D. Pa. 1993).  Although the review is *de novo*, the law permits the court to rely on the recommendations of the magistrate judge to the extent it deems proper. *See United States v. Raddatz*, 447 U.S. 667, 675–76, 100 S. Ct. 2406, 65 L. Ed. 2d 424 (1980); *Goney*, 749 F.2d at 7; *Ball v. United States Parole Comm'n*, 849 F. Supp. 328, 330 (M.D. Pa. 1994). Uncontested portions of the report may be reviewed at a standard determined by the district court. *See Thomas v. Arn*, 474 U.S. 140, 154, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); *Goney*, 749 F.2d at 7.  At the very least, the court should review uncontested portions for clear error or manifest injustice. *See, e.g., Cruz v. Chater*, 990 F. Supp. 375, 376-77 (M.D. Pa. 1998).

### II.     Discussion

Although Plaintiffs filed what they deemed a motion in opposition to the R & R, the motion is a verbatim recitation of the Complaint labeled as an opposition to the R & R. (*Compare* Doc. 24 *and* Doc. 1) The motion fails to specifically address any of the grounds set forth in the R & R for why dismissal is recommended. (Doc. 24) Based on Plaintiffs' lack of specificity, *de novo* review is not required, but upon such review, I will adopt the R & R in its entirety. *See Goney*, 749 F. 2d at 6-7.

Magistrate Judge Schwab first deems Defendants' motions to dismiss unopposed

because Plaintiffs failed to file briefs in opposition to the motions as required by Local Rule 7.6, and despite a directive from the court to file responsive submissions. (Doc. 23, 3-5.); *see* M.D. Pa. R. 7.6. Following Plaintiffs' failure to comply with Magistrate Judge Schwab's order and in accordance with Third Circuit precedent, Magistrate Judge Schwab reviewed the Complaint and considered the *Poulis* factors to determine if dismissal is proper in this case. *See Poulis*, 747 F.2d at 868.

After consideration of *Poulis* factors, Magistrate Judge Schwab recommends dismissal pursuant to Federal Rule of Civil Procedure 41(b). (Doc. 23, 17.) Alternatively, Magistrate Judge Schwab recommends that Defendants' motions to dismiss be granted because Plaintiffs' Complaint fails to state a claim upon which relief can be granted. (*Id*.) I agree with Magistrate Judge Schwab that dismissal is proper and I will adopt her report and recommendation, grant Defendants' motions and dismiss Plaintiffs' Complaint.

Accordingly, **IT IS HEREBY ORDERED** that:

(1) Magistrate Judge Schwab's Report and Recommendation (Doc. 28) is **ADOPTED**.

(2) Plaintiffs' Objection (Doc. 29) is **OVERRULED;**

(3) Defendant Bank of America's Motion to Dismiss (Doc. 14) is **GRANTED**;

(4) Defendants Shapiro and Denardo, LLC's Motion to Dismiss (Doc. 4) is **GRANTED;**

(5) Plaintiffs' Complaint (Doc. 1) is **DISMISSED**;

(6) The Clerk of Court is directed to close this case.

| June 28, 2016 | /s/ A. Richard Caputo |
|---|---|
| Date | A. Richard Caputo |
| | United States District Judge |